# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2020

Lyle W. Cayce
Clerk

No. 20-60498
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAY ANTHONY CHANEY, *also known as* RAY ANTHONY BRADLEY, *also known as* RAY CHANEY, *also known as* RAY A. CHANEY, *also known as* RAY N. BRADLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CR-12-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Ray Anthony Chaney, federal prisoner # 08305-043, appeals the district court's denial of his motion for a compassionate release reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  In that motion, Chaney

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60498

argued that he should be released because Covid-19 was spreading at the Oakdale I Federal Correctional Institution where he is incarcerated and his age and health conditions, including Type II diabetes, put him at an increased risk of serious illness or death if he were to contract the virus.

On appeal, Chaney argues that the district court abused its discretion in determining that the 18 U.S.C. § 3553(a) factors weighed against granting a sentence reduction.[1] He contends that those factors supported his request for a sentence reduction because he is an older, non-violent inmate, has completed numerous self-improvement courses since he had been in prison, has had no prison disciplinary infractions, and has a reentry plan. In denying Chaney's motion, the district court considered those facts but determined that Chaney's lengthy criminal history and other sentencing concerns militated against granting relief. Having reviewed the district court's reasons for denying Chaney's motion to reduce his sentence, we find no abuse of discretion. The district court did not base its decision on an error of law or a clearly erroneous assessment of the evidence. *See United States v. Chambliss,* 948 F.3d 691, 693 (5th Cir. 2020). Chaney's disagreement with how the district court balanced the § 3553(a) factors does not present a sufficient ground for reversal. *See id.* at 694.

Nor has Chaney shown a ground for reversal based on the district court's determination that it lacked the authority to order that he serve the remainder of his sentence of imprisonment under home confinement. The Bureau of Prisons has the sole authority to designate a prisoner's place of incarceration. 18 U.S.C. § 3621(b); *United States v. Voda,* 994 F.2d 149, 151-

---

[1] The district court implicitly recognized that Chaney had established "extraordinary and compelling reasons" for his release based on his risk of complications from Covid-19, and the Government does not contest that point. Thus, that issue is not before the court.

No. 20-60498

52 (5th Cir. 1993). Chaney's assertion that the district court could have achieved a similar remedy by reducing his sentence of imprisonment to time served and ordering home confinement as a condition of probation or supervised release has no bearing on his appeal because the district court determined that a reduction of sentence was not warranted.

The district court's judgment is AFFIRMED.